*1044 OPINION.
McMahon :
The question here presented is whether the petitioner is entitled to deduct from the gross income of the decedent for the calendar year 1925 certain amounts claimed by the decedent as debts ascertained to be worthless and charged off in the taxable year.
Section 214 of the Revenue Act of 1924 provides in part:
(a) In computing net income there shall be allowed as'deductions:
* * * * sj« * *
(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that- a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.
We are satisfied that the amount of $5,000 which the decedent advanced to his sister between 1921 and 1924 constituted a debt owing to him which was in fact worthless in the year 1925. The evidence discloses, however, that a fetv months after she entered business in either 1922 or 1923, decedent’s sister was robbed of everything she had and that the decedent then advanced her more money to start in business again. It seems clear to us that that portion of the debt incurred prior to the time of the robbery was ascertained to be worthless at the time of such robbery. Therefore, it can not be said that the total debt of $5,000 was, in 1925, ascertained to be worthless. Since we are precluded by lack of evidence from making an allocation of the amounts advanced by the decedent to his sister before and after the robbery, we must approve the action of the respondent in disallowing the full amount of the claimed deduction.
The remainder of the claimed deductions represents amounts which the decedent furnished his sons for the purpose of education and *1045 starting in business. The evidence shows that decedent’s sons, Douglas and Edward Howard, were of age when they received money from decedent, but the record is silent as to the age of Thomas Morris, Jr., when he received amounts from his father. In Jacob Grossman, 9 B. T. A. 643, we held that it is presumed that money transferred by a parent to his son, even though the son is of age, is a gift and not a loan. It has also been held that transfers of money from a father to a minor son can not create a debt. Storey v. Storey, 214 Fed. 973. In the instant proceeding we are not completely satisfied that the amounts which the decedent transferred to his sons constituted loans, but for another reason we believe that the claimed deductions must be disallowed.
Even if the items in question were debts, there is no evidence to show that there was any change in the financial condition of any of the sons in the year 1925 upon which the decedent could base an ascertainment of worthlessness. The evidence shows that the alleged debts were no more worthless in 1925 than in prior years, and the decedent was at all times conversant with the financial condition of his sons. See Ezra H. Jones, 13 B. T. A. 1271; Charles J. Bell, Executor, 17 B. T. A. 1185; and Henry S. Thompson, 18 B. T. A. 1142. The fact that the note for $4,634 was executed by Thomas Morris, Jr., in favor of the decedent on January 5, 1925, does not, in our opinion, have any bearing upon the date the debt was incurred. The debt, if any existed, was in existence prior to the time the note was executed and, as stated, was worth no less in 1925 than in previous years.
The determination of the respondent must be approved.

Judgment will be entered for the respondent.